[L. A. No. 15713. In Bank.—July 20, 1936.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Respondents.

J. Marion Wright for Appellant.

Louis Ferrari, Edmund Nelson, Freston & Files and Ralph E. Lewis for Respondents.

WASTE, C. J.—Plaintiff, as executor of the estate of Christ Thoren, deceased, prosecutes this appeal from a judgment entered in favor of the defendants upon the sustaining of a demurrer to the complaint without leave to amend. The action was brought to recover the face value of participation certificates under a trust on the ground that the certificates were void as having been issued without a permit in violation of the Corporate Securities Act. The facts giving rise to this litigation are fully set out in the opinion in *Fox-Woodsum Lumber Co.* v. *Bank of America*, (*ante,* p. 14 [59 Pac. (2d) 1019]), this day filed, wherein it appears that the defendant bank, a national bank, at the times here involved was acting as trustee under an express trust, the *corpus* of which consisted of a note secured by a second deed of trust executed by the Arcady Apartment Hotel Company. In its capacity as trustee and on order of Arcady or its nominees the defendant bank between the years 1925 and 1929 executed and delivered so-called participation certificates evidencing fractional interests in the note. Plaintiff's testator, the general contractor on the Arcady construction job, received certain of these certificates, the value of which it is here sought to recover. As indicated above, the complaint proceeds upon the theory that the certificates are void because a permit to issue the same was not first procured from the commissioner of corporations.

The action is similar in all material respects to the case of *Fox-Woodsum Lumber Co.* v. *Bank of America, supra,* except that judgment here went for the defendants and not the plaintiff. For the reasons advanced in the cited case it was not necessary for the defendant bank to have obtained a permit before issuing the certificates and, therefore, the same are not void. This being so, the complaint fails to state a cause of action and the demurrer was properly sustained without leave to amend.

Judgment affirmed.

Curtis, J., Shenk, J., Seawell, J., and Thompson, J., concurred.